tendment, relates to the physical barrier that must exist upon the "sides" of the road "to prevent horses, cattle, sheep, and hogs from getting onto the track of the railroad from the lands adjoining the same." That is pretty plainly the effect of the decision in *Shepard.* v. *Railroad Co.;* and the recent case of *Dolan* v. *Railroad Co.,* 120 N. Y. 571, 24 N. E. Rep. 824, does not limit or qualify the decision in that respect. The difference of opinion in the latter case, in this particular, was upon the question whether the mill—itself a sufficient barrier—was on "the side" of the railroad; some of the judges thinking that it was on the side "near enough for all practical purposes," and near enough to meet the proviso of the statute, and others of the judges thinking that it was not. Cattle-guards at highway crossings, and fences on the sides of the road, except where other physical "protection" of and against animals exists, is the policy of the statute. It is not necessary to say that that protection could not possibly exist in other than physical means. The sum of the matter seems to be that by the statute the legislature has said to the railroads of the state that they must maintain fences, or suffer the liability, and the courts have been given no power of dispensation. The judgment should be affirmed.

HATCH, J., concurs. TITUS, J., did not sit.

---

SMITH *v.* WOOD.

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. EVIDENCE OF PARTNERSHIP.

In an action for dissolution of an alleged partnership between S. and W. under the name of W., the latter contended that the agreement was executory only, that he should take S. into partnership when S. should have got clear of all his debts.. No other person was present when the agreement was made, and it was wholly oral; but it was known to both at the time that S. was insolvent, and owed a considerable sum. *Held,* that this sustained the testimony of S. that there was a present partnership, with an understanding that it should be kept secret until he had effected a compromise with his creditors.

2. PARTNERSHIP—ACCOUNTING.

On an accounting of a partnership which had been kept secret and conducted in the name of the accounting partner, the good-will of the business should not in any way enter into the account.

Appeal from trial term.

Action by Catharine Smith against Frederick Wood. For former report, see 6 N. Y. Supp. 946, *mem.* Defendant appeals from an interlocutory judgment for plaintiff, entered on trial by the court without a jury. On the decision upon this trial the following opinion was rendered by BOOKSTAVER, J.: "This action is brought to dissolve a copartnership claimed by the plaintiff to have been found between her husband, the assignor John Smith, with Frederick Wood. The only question to be determined is one of fact. There is no dispute that some time prior to August, 1887, said Smith and said Wood made some kind of an agreement. Plaintiff contends that that agreement was for a copartnership, then and there to be formed, to be conducted under the style of Frederick Wood. Defendant denies this, and contends that the agreement was executory only, and was conditioned that the said Wood should take the said Smith into copartnership only when he should get clear of all his debts. Both parties testify very positively as to their understanding of what this agreement was, and each is in opposition to the other. There was no one present at the time the agreement was made, and it was wholly oral. It was well known to both of the parties at the time of making the agreement that Smith was insolvent, and owed a considerable sum of money. Under these circumstances, it was impolitic that Smith's name should appear as a partner; and I incline to the opinion that the plaintiff's version of the agreement is the true one, and that there was a present copartnership of the plaintiff, with

the understanding that Smith's interest in the same should be kept secret until he had effected some kind of a compromise with his creditors. This, I think, best reconciles all the facts and testimony in the case. It accounts for the fact that Smith devoted his time to looking for a place where they could conduct business; that when he found it, he called Wood's attention to it; that they together negotiated for it; and explains why the leasehold was taken in the name of Wood only; and also why Smith invested $1,500 of his wife's money in the purchase; and also all his tools, machinery, and stock, which before that time had been fully examined by the defendant Wood. It also accounts for the fact that Wood introduced Smith to the bank as his superintendent, and gave him a power of attorney, conferring upon him (Smith) unlimited right to draw money from the bank account as he saw fit, and he could draw therefrom for his own purposes such sums as he desired, which is inexplicable on the defendant's theory of the case. It also accounts for Wood's denial of the copartnership when the subject was brought to his attention, and for the various acts of dominion which Smith exercised in the business. I think, too, the fact of the employment of the book-keeper, and the way in which he made up his books, of which Wood must have had some knowledge, is strongly corroborative of the plaintiff's contention. My judgment, therefore, is in favor of the plaintiff, and that there should be an accounting between the parties. But, inasmuch as Wood's name only appeared in the business on such an accounting, no reckoning should be taken of the good-will of the business, and the same should not in any way enter into the account; and the leasehold property should for the present remain in the possession of Wood, and that he be appointed the receiver, unless strong reasons are shown by the plaintiff in opposition thereto."

Argued before ALLEN, BISCHOFF, and PRYOR, JJ.

*Smith, Bowman & Close,* for appellant. *Jeroloman & Arrowsmith,* for respondent.

PER CURIAM. The judgment should be affirmed upon the opinion of the court below.

---

## FOX *v.* QUINN.

(*Common Pleas of New York City and County, Special Term.* March 18, 1890.)

PRACTICE IN CIVIL CASES—PREFERENCE ON CALENDAR—WAIVER.

 Under Code Civil Proc. N. Y. § 793, as amended by Sess. Laws 1888, c. 497, which provides that causes shall not be preferred on the calendar unless the application therefor is served with the notice of trial, the service of a notice of trial without the notice for a preference is a waiver of the preference; and the unnecessary service of a new notice of trial does not revive the right to a preference after it has been so waived.

Action by Patrick J. Fox against Daniel F. Quinn, as executor, etc. Plaintiff moved to have the cause preferred. The notice of application for the preference was served with a notice of trial, but it appeared that the cause had been previously noticed for trial by plaintiff without a notice of application for a preference, and that the cause was then placed upon the calendar, where it now stands awaiting trial.

*Lewis Johnston* and *John McGuin,* for plaintiff. *James A. O'Gorman,* for defendant.

DALY, J. By the amendment to section 793 of the Code passed in 1888, (chapter 497, Sess. Laws,) causes entitled to a preference cannot have such preference upon the calendar unless notice of application therefor is served with the notice of trial. Before the amendment in question, those cases in which the right to a preference depended upon facts which did not appear in the pleadings could only have their preference upon the calendar by the